# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Frankfort Division

| | |
|---|---|
| James L. Hoskins )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br> ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff James L. Hoskins is a natural person who resides in Trimble County, Ky. Mr. Hoskisn is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. PRA's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6. On February 28, 2012, Portfolio Recovery Associates, LLC ("PRA") filed suit against Plaintiff James L. Hoskins in the Trimble Circuit Court of Trimble County, Kentucky under Case No. 12-CI-00029 (the "State Court Lawsuit").

7. PRA's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card debt originally due and owing to U.S. Bank National Association ("U.S. Bank").

8. The U.S. Bank account at the basis of the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the U.S. Bank account a "debt" within the meaning of the FDCPA.

9. PRA moved for default judgment against Mr. Hoskins in the State Court Lawsuit on April 25, 2012, and the court awarded PRA default judgment against Mr. Hoskins on May 7, 2012 (the "Default Judgment").

10. A true and accurate copy of the Default Judgment is attached as Exhibit "A."

11. The Default Judgment awards PRA *inter alia*:

> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) James L Hoskins the sum of $11,610.69, with interest thereon at the rate of 8% per annum from March 31, 2010 until date of judgment with 12% per annum thereafter until paid plus court costs, for all of which it may have execution. There being no just cause for delay, this is a final and appealable Order.

Exhibit "A."

12. While the Default Judgment awards "court costs" to PRA, no amount of court costs is included or set forth in the Default Judgment.

13. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and

> summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

14. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the type and amount of costs claimed by the prevailing party, and **(ii)** to subject the claimed costs to judicial oversight and review.

15. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

16. PRA did not file a bill of costs in the State Court Lawsuit.

17. PRA did not serve a bill of costs on Mr. Hoskins in the State Court Lawsuit.

18. There is no supplemental judgment entered in the State Court Lawsuit awarding PRA costs.

19. Between May 7, 2012 and July 20, 2016, PRA issued seven wage and non-wage garnishments in an attempt to collect the Default Judgment from Mr. Hoskins (the "First through Seventh Garnishments").

20. Upon information and belief, PRA collected at least $1174.35 from Mr. Hoskins by means of the First through Seventh Garnishments.

21. On or about July 21, 2016, PRA filed and served a non-wage garnishment in an attempt to collect the Default Judgment (the "Eighth Garnishment").

22. A true and accurate copy of the Eighth Garnishment is attached as Exhibit "B."

23. The Eighth Garnishment provides in pertinent part:



Exhibit "B."

24.     Upon information and belief, the "Amount Due" of $16,769.05 stated in the Eighth Garnishment includes self-awarded court costs and collection expenses that PRA has no legal right to recover from Mr. Hoskins.

25.     The "Probable Court Costs" of $20.00 stated in the Eighth Garnishment include statutory fees that are not recoverable as court costs under Kentucky law, and/or court costs for which are either not recoverable under Kentucky law or for which no Bill of Costs was filed.

26.     PRA violated the FDCPA by **(i)** including court costs in the amount due in the Eighth Garnishment where no Bill of Costs was filed in the State Court Lawsuit; **(ii)** falsely representing the amount due in the Eighth Garnishment; and **(iii)** attempting to collect more under the Default Judgment that it had any legal right to collect from Mr. Hoskins.

## Claims for Relief

**I.      Violations of the FDCPA**

27.     The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James L. Hoskins requests that the Court grant him the following relief:

1.      Award Plaintiff actual damages against Defendant;

2.      Award Plaintiff maximum statutory damages against Defendant under 15 U.S.C. § 1692k;

3.  Award Plaintiff reasonable attorney's fees and costs;

4.  A trial by jury; and

5.  Such other relief as may be just and proper.

>Respectfully submitted,
>
>/s/ James R. McKenzie
>**James R. McKenzie**
>*James R. McKenzie Attorney, PLLC*
>115 S. Sherrin Avenue, Suite 4
>Louisville, KY 40207
>Tel:   (502) 371-2179
>Fax:   (502) 257-7309
>jmckenzie@jmckenzielaw.com
>
>James H. Lawson
>*Lawson at Law, PLLC*
>115 S. Sherrin Avenue, Suite 4
>Louisville, KY 40207
>Tel:   (502) 473-6525
>Fax:   (502) 473-6561
>james@kyconsumerlaw.com